UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14356-MIDDLEBROOKS/MAYNARD

TIMOTHY HIGHTOWER,

    Petitioner,

v.

SECRETARY, RICKY D. DIXON,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Magistrate Judge Shaniek Mills Maynard's Report and Recommendation (DE 13) ("Report"), recommending denial of Petitioner Timothy Hightower's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (DE 1). On June 6, 2018, Hightower was convicted after a jury trial for on several counts involving the possession and sale of cocaine. (DE 13 at 3). The jury found Petitioner guilty only of the counts involving an August 5, 2015 drug transaction; Petitioner was acquitted of a July 30, 2015 drug transaction and the counts involving possession of alprazolam and hydrocodone. Petitioner filed an appeal and the Florida Fourth District Court of Appeal ("Fourth DCA") affirmed his conviction and sentence in a *per curiam* decision on October 24, 2019. (DE 8-2 at 109). Petitioner subsequently filed a Rule 3.850 motion in the state trial court asserting that trial counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution. (DE 8-4). The trial court denied Petitioner's Rule 3.850 motion. (*Id*.). Petitioner then appealed the denial to the Fourth DCA, which denied the appeal in a *per curiam* opinion. In response Petitioner filed a motion for rehearing and/or written opinion. (*Id*. at 98-138). On November 10, 2023, following

the Fourth DCA's denial of that motion, Petitioner filed his instant motion on November 10, 2023. (DE 1). Hightower now challenges the constitutionality of his conviction and sentence, arguing that the state court erred by denying Petitioner's motion to sever the charges against him, allowing the lead detective to testify about statements made by the non-testifying confidential informant concerning material issues in the case, and that ineffective assistance of counsel at various stages of the criminal proceedings deprived him of his Sixth Amendment Right. (DE 1). Judge Maynard's report was entered on September 10, 2025, and recommends denial of the Petition for Writ of Habeas Corpus (DE 13). Hightower filed objections to the report on September 14, 2025. (DE 16).

I have conducted a *de novo* review of the Report and the record as a whole, including Petitioner's objections. I agree with Magistrate Judge Maynard's conclusion that, "Petitioner has failed to show that the state courts' adjudication of this claim was contrary to or unreasonably applied clearly established federal law or based on an unreasonable determination of fact." Further, video evidence directly undermines the significance of the two individuals that counsel did not call as witnesses. The reasoning in the Report is accurate and thorough and will be adopted in its entirety. Petitioner is not entitled to habeas corpus relief.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Magistrate Judge Maynard's Report and Recommendation (DE 13) is hereby **ADOPTED**.

(2) Petitioner's Objections to the Report (DE 16) are **OVERRULED.**

(3) Petitioner's Petition for Writ of Habeas Corpus (DE 1) is **DENIED.**

(4) No certificate of appealability shall issue.

(5) The Clerk of the Court is directed to **CLOSE THIS CASE.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 7th day of October, 2025.

Donald M. Middlebrooks
United States District Judge

Copies to:   Counsel of Record;
Robert David Malove
Robert David Malove, P.A.
Museum Plaza
200 S. Andrews Avenue
Suite 901
Fort Lauderdale, FL 33301
954-861-0384
Fax: 954-333-6927